Huitín, Judge
 

 The tender proved in the case is too late, according to the covenant; being the day after it fell due. If an agreement of the parties to that effect ^Jyould have enlarged the time, yet there is no such agree-
 
 *79
 
 jiient here. The plaintiff proposed to take payment on Monday ; but the defendant objected. He says he after wards assented, and wrote to the plaintiff. But there is no proof of that; as the evidence offered upon that point was properly rejected, for the reason given by the judge.
 

 If, however, the defendant was prevented by the Act of the plaintiff from making the tender at the proper time, or discharged from it, then he shall be excused, and considered as having duly made it, provided he shows that he was able
 
 and
 
 ready to make it. Altho’ the <• oven ant does not specify the kind of trade, it may he in • ra in fa~ vor of the defendant, that the articles were to be cumbrous. In that case he would not be bound to carry them, and tender them to the plaintiff personally, wherever he might be able to find him. But he is bound to give notice of his readiness, and request the creditor to name a place where he will receive them $ and when a reasonable place is designated, the debtor is further bound to have the articles there, and if the creditor docs-not attend to receive them, he, the debtor, must show that he was there ready to deliver at the day. (Co,
 
 Litt.
 
 210.)
 

 Here the plaintiff may he considered as appointing the defendant’s plantation as the place, because he did not object to it when proposed. But nothing occurred to discharge the defendant from a tender, at that place, oil the day specified in the contract. It is true, the plaintiff did not attend on Saturday nor Sunday, or fix upon any other time; but that does not dispense with a tender then and there by the debtor, or rather, with proof of his ability and willingness to tender. Here there is no evidence, that the defendant was himself at home on either of those days : or had any of the articles, which were afterwards valued and set apart for the plaintiff 5 or indeed any other sufficient thing to satisfy his bond.
 

 Per f!urtam. — Judgment aextkmeb.